**HELLENIC LINES, LIMITED, Plaintiff,**

v.

**The EMBASSY OF SOUTH VIET NAM, COMMERICAL DIVISION, and the Republic of South Viet Nam, Defendants.**

No. 67 Civ. 860.

United States District Court
S. D. New York.

Dec. 1, 1967.

Renato C. Giallorenzi, New York City, for plaintiff.

Nixon, Mudge Rose Guthrie & Alexander, New York City, for defendants. Arthur M. Becker and Ronnie A. Yoder, New York City, of counsel.

## MEMORANDUM

EDELSTEIN, District Judge.

Plaintiff, Hellenic Lines, Limited, filed a complaint on March 1, 1967, in this court complaining that defendants, The Embassy of South Viet Nam, Commercial Division, and the Republic of South Viet Nam, are liable to plaintiff for delay in unloading plaintiff's vessel on a shipment of commodities which arrived in Saigon. In order to obtain jurisdiction over the defendants, plaintiff caused a process of maritime attachment and garnishment to be issued. The garnishee, First National City Bank, stated in its amended answer to the process of maritime attachment and garnishment,[1] filed April 10, 1967, that a time deposit in excess of $128,510.90 was maintained at the bank in the name of Banque Nationale du Viet Nam. The United States Attorney, at the direction of the Attorney General, pursuant to a request by the Secretary of State, filed, on August 8, 1967, a suggestion of immunity from suit and from execution or attachment. This is a motion for an order vacating the process of maritime attachment and garnishment, dissolving the attachment and dismissing the action. The doctrine of sovereign immunity clearly applicable to the case at bar impels to the granting of the motion:

"That principle is that courts may not so exercise their jurisdiction, by the

---

1.. The process of maritime attachment and garnishment was served on the bank on March 2, 1967. On March 15, 1967, the bank answered the process by stating that it neither was indebted to nor held property of either named defendant. Plaintiff sent the bank a letter dated April 3, 1967, which specified the Banque Nationale du Viet Nam and Credit Commercial du Viet Nam as having accounts at the bank which belong to the named defendants. The bank then filed its amended answer to the process.

seizure and detention of the property of a friendly sovereign, as to embarrass the executive arm of the government in conducting foreign relations. 'In such cases the judicial department of this government follows the action of the political branch and will not embarrass the latter by assuming an antagonistic jurisdiction.' United States v. Lee, 106 U.S. 196, 209, 1 S.Ct. 240, 251, 27 L.Ed. 171." Ex Parte Republic of Peru, 318 U.S. 578, 588, 63 S.Ct. 793, 87 L.Ed. 1014 (1943).

See also New York & Cuba Mail S. S. Co. v. Republic of Korea, 132 F.Supp. 684 (S.D.N.Y.1955). The cases cited by plaintiff in its memorandum are so patently inapposite to the situation at hand as to make any further discussion unnecessary.

This motion is granted.

Settle order on notice.